UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY GONZALEZ,

              Plaintiff,

v.                           Case No. 8:13-cv-2098-T-33EAJ

TZ INSURANCE SOLUTIONS, LLC,

              Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant TZ Insurance Solutions, LLC's Motion to Dismiss (Doc. # 8), filed on September 10, 2013. Plaintiff Barry Gonzalez filed a Response in Opposition to the Motion (Doc. # 13) on September 24, 2013. For the reasons that follow, the Court denies the Motion to Dismiss.

**I.   Background**

Gonzalez was employed by TZ Insurance as a sales specialist from June 7, 2011, through September 15, 2011. (Doc. # 1 at ¶¶ 24-25). Gonzalez was paid an hourly rate of $15.00 plus commissions. (Id. at ¶ 26). TZ Insurance classified its sales specialists as eligible for overtime compensation; however, Gonzalez indicates that TZ Insurance failed to pay overtime compensation for time spent "open[ing] and clos[ing] multiple computer software applications prior to logging in and beginning their work shifts." (Id. at ¶ 30).

On August 14, 2013, Gonzalez filed his putative class action Complaint against TZ Insurance alleging violation of the Fair Labor Standards Act (Count I); unjust enrichment (Count II); and declaratory relief (Count III).  TZ Insurance seeks dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## II.  <u>Legal Standard</u>

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted).  In addition, courts are not "bound to

accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

## III. <u>Analysis</u>

### A.   <u>FLSA</u>

TZ Insurance asserts a two-pronged attack against Gonzalez's FLSA claim.  Defendant contends (1) that the FLSA allegations are lacking in sufficient detail and (2) that any hours worked prior to August 14, 2011, are barred by FLSA's two-year statute of limitations.   The Court rejects both arguments.  The Complaint alleges that Gonzalez, a non-exempt employee, worked for TZ Insurance for a specific duration and was not compensated for certain overtime work (specifically, opening and closing computer programs).   TZ Insurance notes various ambiguities within the Complaint and suggests that Gonzalez's failure to provide specific dates and times for the alleged overtime violations is fatal to Gonzalez's claim.  The Court disagrees and determines that the Complaint passes muster at this early stage of the proceedings. <u>See</u> <u>Sec'y of Labor v. Labbe</u>, 319 F. App'x 761, 763 (11th Cir. 2008)(reversing the dismissal of a FLSA action and explaining

3

that "[t]he requirements to state a claim of a FLSA violation are quite straight forward.  The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees. . . . There is no need to prove intent or causation that might require more extensive pleading.").

Along the same lines, the Court denies TZ Insurance's request for an order barring all claims that accrued prior to the expiration of the two-year statute of limitations. Gonzalez alleges in the Complaint that TZ Insurance "knowingly, willingly, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages" and "acted willfully in failing to pay Plaintiff and the class members in accordance with the law." (Id. at ¶¶ 43-44).  It is well known that the FLSA's statute of limitations increases to three years for claims involving willful violations.  29 U.S.C. § 255(a).  At the Rule 12(b)(6) stage, the Court accepts Gonzalez's allegation that TZ Insurance willfully violated the FLSA. See Puleo v. SMG Prop. Mgmt., No. 6:08-cv-86-Orl-22DAB, 2008 U.S. Dist. LEXIS 66582, at *3 (M.D. Fla. Aug. 20, 2008)(denying motion to dismiss based on application of the two year statute of limitations in a FLSA case and noting that "a general allegation of willfulness is

4

sufficient."). The Court declines to limit Gonzalez to the two year statute of limitations at this juncture and denies the Motion to Dismiss as to Gonzalez's FLSA claim.

**B.   Unjust Enrichment**

Both Gonzalez and TZ Insurance correctly recite the elements required to set forth a cause of action for unjust enrichment under Florida law: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. Baptista v. JP Morgan Chase Bank, NA, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011). It is not disputed that Gonzalez's Complaint alleges each of these required elements.

Nevertheless, TZ Insurance seeks dismissal of Gonzalez's unjust enrichment count on the basis that Gonzalez failed to allege that there is no legal remedy available. However, "under Florida law, the requirement to plead that no adequate remedy at law exists does not apply to claims for unjust enrichment." Brett v. Toyota Motor Sales, U.S.A., Inc., No. 6:08-cv-1168-Orl-28GJK, 2008 U.S. Dist. LEXIS 114462, at *24 (M.D. Fla. Aug, 29, 2008). See also Williams v. Bear Stearns

5

& Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998)("There is no dispute that under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available.  However, this doctrine does not apply to claims for unjust enrichment."). Furthermore, "[i]t is only in cases where an express contract exists that a party must plead that no adequate remedy at law exists." Brett, at * 25.  In this case, neither party has alleged that an express contract exists.  Furthermore, Gonzalez explains that his unjust enrichment claim is separate and apart from (and not covered by or preempted by his FLSA claim) because there are some weeks in which he was paid the minimum wage, did not work over 40 hours, but nonetheless, worked hours for which he was not compensated.  The Court accordingly declines to dismiss Gonzalez's unjust enrichment claim.

### C.  **Declaratory Judgment**

TZ Insurance contends that Gonzalez's request for declaratory relief should be dismissed because it is duplicative of the other counts asserted in the Complaint and because Gonzalez requests "a general declaration that regurgitates the federal law on overtime." (Doc. # 8 at 10). The Court agrees that there is a possibility that the remedies

6

for Gonzalez's claims may ultimately be duplicative. However, at this stage of the pleadings, Gonzalez is free to assert duplicative and alternative claims against TZ Insurance. As stated in <u>McAllister v. Southwest Signal, Inc.</u>, No. 8:10-cv-2724-T-30-TBM, at *2 (M.D. Fla. Jan. 24, 2011), "there is no authority suggesting that a plaintiff cannot seek declaratory relief against a defendant in an FLSA case." The Court declines to dismiss Gonzalez's request for declaratory relief at this juncture based on the assertion that it is a duplicative claim.

TZ Insurance also advances the argument that Gonzalez lacks standing to bring a declaratory relief claim because Gonzalez is a former employee with no stake in TZ Insurance's current employment and record keeping practices. Here, however, Gonzalez brings his claims on behalf of himself and other similarly situated employees (current and former). Under these circumstances, Gonzalez's declaratory relief claim is appropriate.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant TZ Insurance Solutions, LLC's Motion to Dismiss (Doc. # 8) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u>

day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record