UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY GONZALEZ, on behalf of
himself and others similarly
situated,

    Plaintiff,
v.                            Case No. 8:13-cv-2098-T-33EAJ

TZ INSURANCE SOLUTIONS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Notice of Filing a Jointly Proposed Notice to the Class (Doc. # 48), filed on April 7, 2014. Upon due consideration, the Court approves the proposed Class Notice and directs that the Class Notice be disseminated within ten days of the date of this Order.

**Discussion**

On March 26, 2014, the Court granted Plaintiff Barry Gonzalez's Motion for Conditional Certification and Order Permitting Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. # 45). In that Order, the Court conditionally certified a class of Tampa and Fort Myers, Florida TZ Insurance Solutions Sales Agents and directed the parties to file a Jointly Proposed Notice to the Class by

April 7, 2014. (Id. at 17).  The parties timely filed the present jointly proposed Class Notice on April 7, 2014, and they submit that the Notice can be disseminated to the Class within ten days of the Court's approval.

**Approval of Class Notice**

Court-authorized notice in a class action context helps to prevent "misleading communications" and ensures that the notice is "timely, accurate, and informative."  Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). Furthermore, "in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

The Court determines that it is appropriate to adopt the parties' proposed Class Notice because it is consistent with these aims.  The proposed Class Notice does not appear to be weighted in favor of one side or the other and contains language explaining the neutral role of the Court.  For instance, the Class Notice explains that: "The Court has made no finding as to the merits of the case at this time" and "the Court has not yet made any rulings on whether TZ has

done anything wrong and has not decided whether this case will proceed to trial." (Doc. # 48-1 at 1-2).

The Court also determines that the proposed Class Notice provides adequate information concerning the nature of the action and the consequences of opting into the litigation or declining to do so. See, e.g., White v. Subcontracting Concepts, Inc., No. 8:08-cv-620-T-30TGW, 2008 U.S. Dist. LEXIS 96252, at *6 (M.D. Fla. Nov. 14, 2008)(specifying that class notice must warn potential class members of "the consequences of opting-in."). The proposed Class Notice also contains contact information for both counsel for Plaintiff and counsel for Defendant.

Upon careful consideration, the Court approves and adopts the parties' proposed Class Notice and directs that the Notice be disseminated, as specified in the Court's Conditional Certification Order, within ten days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court approves the parties' Jointly Proposed Notice to the Class (Doc. # 48) and directs that the Notice be disseminated to the Class within ten days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of April, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record